MATTER OF CAUDILLO-VILLALOBOS

In Deportation Proceedings

A-8469070

Decided by Board July 8, 1965

Respondent is ineligible for a *nunc pro tunc* waiver under section 212(g), Immigration and Nationality Act, as amended, of the ground of excludability (section 212(a)(9)) existing at the time of his last entry in 1963, based on a claim of hardship to his alleged United States citizen wife whom he married on May 24, 1965, and to the child of this union, since this marriage did not exist at the time of his last entry.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Convicted of crime involving moral turpitude—incest.

Respondent, a 42-year-old married male alien, native and last a citizen of Mexico, was admitted to the United States for permanent residence in 1953. In 1960 he was arrested in Juarez, Mexico, for incest and held for two months while awaiting trial; in 1961 he was convicted and sentenced to imprisonment for two years and six months (he served no time under the sentence). Respondent last entered the United States on January 31, 1963. He was then excludable as one who had been convicted of a crime involving moral turpitude prior to his entry (section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9)).

We found respondent deportable (January 15, 1965) and we denied his application for a waiver, *nunc pro tunc*, under section 212(g) of the Act (8 U.S.C. 1182(g)) of the ground of excludability existing at the time of his last entry. The application for the waiver was based upon the claim that exclusion would result in extreme hardship to his United States citizen wife (Maria de Jesus Caudillo) and citizen daughter (Juanita Caudillo). The application was denied on the ground that respondent's deportation would not result in extreme hardship to the citizens since he had not lived with them for some time, since he had been deceitful in revealing

the nature of the relations with them, and since he had been convicted of a crime involving moral turpitude.

Respondent now requests that he be granted the waiver under section 212(g) of the Act because his deportation would now result in extreme hardship to Eliza Subia, allegedly a United States citizen whom he married on May 24, 1965, and to the child of this union (Gabriel) who was born on March 24, 1964; Eliza Subia was expected to give birth to a second child shortly.

The Service opposes the motion on the ground that respondent is not eligible for a *nunc pro tunc* waiver based on a claim of hardship to Eliza Subia and the child of this union since he had not been married to her at the time of his last entry. The contention is well founded.

We are not authorized to grant an advance waiver since the respondent requires a visa to enter the United States for permanent residence and we do not have the power to grant the relief under such circumstances (*Matter of DeG—* 8 I. & N. Dec. 325; *Matter of DeF—*, 8 I. & N. Dec. 68).

(A motion for reconsideration or reopening was denied by the Board on April 21, 1965; the motion requested reconsideration under *Rosenberg* v. *Fleuti*, 347 U.S. 449.)

**ORDER:** It is ordered that the motion be and the same is hereby denied.